IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT JOHANSEN and HYTEL GROUP, INC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> OFFICER HAYDYSCH, OFFICER ) <br> NEBLOCK, SERGEANT FERGUSON, ) <br> VILLAGE OF HAMPSHIRE, ) <br> WILLIAM BURNIDGE, C & L FARMS, ) <br> and CINCINNATI INSURANCE ) <br> COMPANY, ) <br> ) <br> Defendants. ) | Case No. 14 C 4994 <br><br> Judge Joan H. Lefkow |

## ORDER

Defendants' motions to dismiss counts V as to Burnidge, and VII as to Burnidge, C & L Farms and Cincinnati (dkts. 58, 62) are granted with prejudice. See Statement.

## STATEMENT

### I.  Background

The present civil-rights lawsuit against police officers of the Village of Hampshire ("the Village") and others alleged to have conspired with them arises from the severance of a landlord-tenant relationship. On July 1, 2014, Scott Johansen and Hytel Group, Inc. ("Hytel"), the tenants, filed suit against the Village, police officers Haydysch and Neblock, police sergeant Ferguson, the landlord C & L Farms, its principal William Burnidge, and C & L Farms's insurance carrier, Cincinnati Insurance Company ("Cincinnati"), alleging violations of their due process rights protected by the Fourth, Fifth, and Fourteenth Amendments and 42 U.S.C. § 1983 as well as various state law claims. (Dkt. 1.) On January 9, 2015, plaintiffs filed an amended complaint adding three claims: for retaliation in violation of the First Amendment, for a second violation of due process, and for conspiracy under Illinois law. (Dkt. 46 ("Am. Compl.").) Before the court are two motions to dismiss: Cincinnati's motion to dismiss count VII (conspiracy) (dkt. 58) and William Burnidge's and C & L Farms's motion to dismiss counts V (malicious prosecution) and VII (conspiracy) (dkt. 62). Because the parties are familiar with the facts of this case, the court will discuss them only as necessary to explain the court's decision.

## II. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Active Disposal, Inc.* v. *City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011); *Dixon* v. *Page*, 291 F.3d 485, 486 (7th Cir. 2002). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also establish that the requested relief is plausible on its face. *See Ashcroft* v. *Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Bell Atl.* v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The allegations in the complaint must be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The plaintiff need not plead legal theories. *Hatmaker* v. *Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010). "Federal pleading rules call for 'a short and plain statement of the claim showing the pleader is entitled to relief' . . . [T]hey do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson* v. *City of Shelby*, --- U.S. ---, 135 S. Ct. 346, 346, 190 L. Ed. 2d 309 (2014) (per curiam) (citation omitted).

## III. Analysis

### A. Count V

In count V of the amended complaint, plaintiffs allege that Burnidge is liable for malicious prosecution. To establish a claim for malicious prosecution under Illinois law, plaintiffs must prove (1) that Burnidge commenced or continued an original criminal proceeding; (2) that the proceedings were terminated in plaintiffs' favor; (3) that there was no probable cause to support the proceedings; (4) the presence of malice; and (5) that plaintiffs suffered damages as result of the proceedings. *Williams* v. *City of Chicago*, 733 F.3d 749, 759 (7th Cir. 2013). If a plaintiff fails to establish any one of these elements, the malicious-prosecution claim fails. *Holland* v. *City of Chicago*, 643 F.3d 248, 254 (7th Cir. 2011). According to Burnidge, plaintiffs' malicious prosecution claim must be dismissed because plaintiffs have failed to allege sufficient facts to establish elements one, three, and four of their claim. (Dkt. 63 at 4.) Because the first element is dispositive, the court confines its analysis to that element.

"A criminal proceeding is commenced when a complaint, an information, or an indictment is filed." *Szczesniak* v. *CJC Auto Parts, Inc.*, 21 N.E.3d 486, 491, 2014 IL App (2d) 130636 ¶ 11, 386 Ill. Dec. 723 (2014) (citing 725 ILCS 5/111-1). With respect to a private citizen, legal causation exists if, as alleged here, the plaintiff can demonstrate that the defendant knowingly made false statements to a police officer, who then swears out a complaint. *Logan* v. *Caterpillar, Inc.*, 246 F.3d 912, 922 (7th Cir. 2001); *Randall* v. *Lemke*, 726 N.E.2d 183, 185, 311 Ill. App. 3d 848, 244 Ill. Dec. 587 (2000). Even if an informer knowingly provides false information, however, he is not liable for commencing a criminal proceeding if the prosecution is *based on* separate or independently-developed information. *Randall*, 726 N.E.2d at 185–86 (citing RESTATEMENT (SECOND) OF TORTS § 653, comment g). Alternatively, a plaintiff may show that the defendant continued the proceeding by actively encouraging the prosecution

despite knowing that no probable cause existed. *Denton* v. *Allstate Insurance Co.*, 504 N.E.2d 756, 760, 152 Ill. App. 3d 578, 105 Ill. Dec. 471 (1986).

Here, plaintiffs allege that Burnidge commenced a criminal proceeding against plaintiffs in that he told the police that Johansen had stolen fixtures from the property when he knew they belonged to Hytel, leading to the officer's swearing a complaint against him for theft. Burnidge counters that he did not commence a criminal proceeding against plaintiffs as defined by law because the defendant officers conducted an independent investigation before filing the complaint against Johanson. Burnidge relies on *Szczesniak*, in which summary judgment was affirmed where the defendant had allegedly reported falsely to police that he had not received payments on a debt created by bad checks the plaintiff had written. *Szczesniak*, 21 N.E. 3d 486. The court first determined that, in fact, the statement to the police had been true but added that "even if [the defendant] had lied to the police, the defendants [*sic*] would still not be liable for commencing the proceeding" because the police did not seek a warrant for plaintiff's arrest until after they had conducted two independent investigations. *Id.* at 491. In that circumstance, the defendant's statement, whether true or not, was "superseded and rendered immaterial" by the independent police investigation. *Id.* at 492. *Szczesniak* means, then, that where law enforcement independently investigates an informer's complaint and reaches the conclusion based on independent evidence that probable cause exists, the informer cannot be said to have commenced the action.

Here, plaintiffs allege that after Burnidge (a business leader in the Village) gave his false statement to the police (in order to ensure that insurance would cover his loss), Officers Haydysch and Neblock (who held a grudge against Johansen) set about to "frame" Johansen. During their investigation, the officers coerced a false statement from Hytel's employee, Renee Mazza, that the fixtures were stolen by Johansen. (Am. Compl. ¶ 38.) Then, in order to obtain the search warrant "HAYDYSCH lied to the tribunal, that HYTEL's trade fixtures were evidence of theft by JOHANSEN." (*Id*. ¶ 47.) The amended complaint further states that when the Assistant State's Attorney told Haydysch that his report did not show probable cause for an arrest, Haydysch added more false details to his report so the prosecution could move forward. (*Id*. ¶ 51.) Apparently the additional detail included the allegation that "Mazza identified property in HYTEL's possession that actually belonged to BURNIDGE--when in fact Mazza did not know ownership of any of the property, only if it was removed from Hampshire." (*Id*. ¶ 53.) Haydysch also "signed the complaint of felony theft against JOHANSEN." (*Id*. ¶ 51.)

The scenario plaintiffs' proffer does lack plausibility, although truth can be stranger than fiction. It assumes that Cincinnati's representative participated in a fraud against his own employer by encouraging Burnidge to falsely report to the police that Johansen had stolen C & L Farms's or Burnidge's property. It then assumes that, because Burnidge was prominent in the community, the police, who independently had a motive to persecute Johansen, set about to frame him for theft. It posits that Mazza was coerced, without stating by what means she was coerced. It concedes that "[c]harges would have not otherwise been bought [*sic*] without the urgency of the individual defendant officers." (*Id*. ¶ 60.)

If plaintiffs' allegations are true, as we must assume, and drawing all reasonable inferences in plaintiffs' favor, even if Burnidge knowingly lied to the police, Burnidge cannot be found to have commenced the proceeding. The best that can be made of the allegations is that the

defendant officers went rogue and trumped up the theft charge. Although it was a dishonest investigation unlike that in *Szczesniak*, the conduct of the police was certainly a superseding and independent cause of the prosecution initiated against Johansen. In other words, the proximate causation that might have been attributed to Burnidge was superseded by the intervening conduct of the police officers. As such, Burnidge's report to the police was immaterial to causation.

Citing to multiple cases, plaintiffs next contend that one who knowingly provides false information to a prosecuting officer cannot be protected by the "independent investigation defense" where the defendant is in a conspiracy with the officer. (Dkt. 68 at 5.) The cases cited, however, say nothing of conspiracy, nor are they otherwise supportive of plaintiffs' position.[1]

In a final attempt to save the malicious prosecution claim against Burnidge from dismissal, plaintiffs alternatively cite *Allen* v. *Berger*, 784 N.E.2d 367, 336 Ill. App. 3d 675, 271 Ill. Dec. 149 (2002), arguing broadly that "[i]t is well settled that when a person makes a 'knowingly false report to a prosecuting officer, the resulting prosecution is attributable to that person.'" (Dkt. 68 at 6) (citing *Allen*, 784 N.E.2d at 370). *Allen*, however, is readily distinguishable. There, the plaintiff, Allen, had been sharing information with the FBI about his business partners, all the while being assured that he was not under investigation. *Allen*, 784 N.E.2d at 369, 371. When the partners got wind of Allen's conduct, they went to the FBI and made false allegations against Allen, including that Allen was the ring leader of the scheme. *Id*. at 371. This information led directly to the indictment. *Id*. The court concluded that the plaintiff sufficiently alleged that his business partners' knowingly false accusations were the *cause* of Allen's prosecution. *Id*. By contrast here, as addressed above, the facts as alleged indicate that Burnidge's allegedly false statement to the police was *not the cause* of the prosecution against Johansen that followed because of the later investigation. Although plaintiffs claim that Burnidge was part of a conspiracy with the officers, Burnidge acted in relation to the officers only by making the allegation of theft. There are no specific facts alleged indicating that Burnidge pressured or otherwise influenced the officers in a way that one could infer that he was involved in a conspiracy with them or that he actively encouraged the prosecution despite knowing that no probable cause existed.[2]

---

[1] In *Randall* v. *Lemke*, 726 N.E.2d 183, 311 Ill. App. 848, 244 Ill. Dec. 587 (2000), dismissal of the complaint was affirmed based on independent investigation. In *Pratt* v. *Kilborn*, 363 N.E.2d 452, 48 Ill. App. 3d 932, 6 Ill. Dec. 770 (1977), dismissal was affirmed where the prosecutor was misinformed about the law and mistakenly approved prosecution. One justice dissented, however, on the basis that the informant had intentionally misadvised the prosecutor and had acted with malice. In *Frye* v. *O'Neil*, 520 N.E.2d, 1233, 166 Ill. App. 3d 963, 117 Ill. Dec. 882 (2000), the court did not consider the commencement element of malicious prosecution but, in any event, ruled in favor of the defendants. Plaintiffs improperly cited to *Skorupa* v. *Guzick*, 2015 IL App (1st) 133082-U (Ill. App. 2015). According to Illinois Supreme Court Rule 23(e)(1), decisions published under Illinois Supreme Court Rule 23 can be cited only to support contentions of double jeopardy, res judicata, collateral estoppel, or law of the case, none of which applies here.

[2] That Johansen may not have been prosecuted had the defendant not complained of false information is not relevant. *See Randall*, 726 N.E.2d at 186 (Although the court noted the possibility that "but for defendant's alleged report, the police would not have investigated plaintiff, and plaintiff would not have been prosecuted," the court nevertheless found that the prosecution was not *based upon*

Because plaintiffs have failed to plead that Burnidge commenced or continued an original criminal proceeding, plaintiffs' malicious prosecution claim must be dismissed.

**B.     Count VII**

Defendants next move to dismiss count VII of the amended complaint, which brings a civil conspiracy claim against all defendants. Defendants' argue that plaintiffs have failed to state an independent claim underlying its conspiracy allegations. To state a claim for civil conspiracy under Illinois law, plaintiffs must plead "a combination of two or more persons for the purpose of accomplishing by concerted action either an unlawful purpose or a lawful purpose by unlawful means." *See Coghlan* v. *Beck*, 984 N.E.2d 132, 151, 2013 IL App (1st) 120891, 368 Ill. Dec. 407 (2013). Conspiracy, however, is not an independent tort. *Powell* v. *City of Berwyn*, 2014 WL 4674305 at *16 (N.D. Ill. Sept. 19, 2014). "If a 'plaintiff fails to state an independent cause of action underlying his conspiracy allegations, the claim for conspiracy also fails.'" *Id.* (quoting *Jones* v. *City of Chicago*, 2011 WL 1898243 at *6 (N.D. Ill. May 18, 2011)).

Here, as the court previously noted in its opinion and order on May 1, 2015, the sole basis for plaintiffs' conspiracy claim is malicious prosecution,[3] which is asserted against some, but not all, defendants. For example, count V alleges malicious prosecution by Burnidge and count VI alleges malicious prosecution by officers Haydysch, Neblock, and Ferguson. As is evident from plaintiffs' amended complaint, however, plaintiffs did not bring a suit for malicious prosecution against Cincinnati or C & L Farms. Indeed, nowhere in the amended complaint do plaintiffs allege that Cincinnati and C & L Farms instituted, commenced, or otherwise participated in Johansen's prosecution. Because plaintiffs have not alleged an independent cause of action underlying the conspiracy allegation against Cincinnati and C & L Farms, the conspiracy claim against Cincinnati and C & L Farms fails. *See Anderson* v. *Aon Corp.*, No. 06 C 6241, 2008 WL 4865574, at *6–7 (N.D. Ill. June 16, 2008) (holding that because "there is no predicate tort" the plaintiff's "civil conspiracy claim cannot stand"); *Indek N. Am. Power Fund, L.P.* v. *Norweb PLC*, 735 N.E.2d 649, 662, 316 Ill. App. 3d 416, 249 Ill. Dec. 45 (Ill. App. Ct. 2000) (holding that "conspiracy is not an independent tort" and that a plaintiff's conspiracy claim fails where the plaintiff does not "state an independent cause of action underlying its conspiracy allegations"). Similarly, because the court has dismissed the malicious prosecution claim against Burnidge, plaintiffs' civil conspiracy claim fails against Burnidge as well. Accordingly, count VII is dismissed as to defendants Burnidge, C & L Farms, and Cincinnati. Because the court dismisses count VII on this basis, it need not address defendants' other arguments for dismissal.

---

defendant's report, and thus held that the "[d]efendant did not commence the prosecution of plaintiff, and he may not be held liable for malicious prosecution.").

[3] "The complaint includes allegations of violation of due process and the freedom of speech, but it fails to tie those violations to any agreement among the parties that might support a conspiracy claim. These allegations are therefore disregarded." (Dkt. 57 at 11 n. 11).

Date: November 25, 2015

_____
U.S. District Judge Joan H. Lefkow